JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

APR 11 1985

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 680

-BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE EPIC MORTGAGE INSURANCE COVERAGE LITIGATION

TRANSFER ORDER

This litigation presently consists of six actions pending in four districts as follows:

| | |
|---|---|
| Eastern District of Pennsylvania | 2 actions |
| Eastern District of Virginia | 2 actions |
| District of Maryland | 1 action |
| Middle District of North Carolina | 1 action |

Before the Panel are 28 U.S.C. §1407 motions brought by i) First National Bank of Maryland (FNB), which seeks centralization of all actions except the Maryland action[1]/ in the Northern District of Virginia for coordinated or consolidated pretrial proceedings with the actions pending there; and ii) EPIC Mortgage, Inc. (EMI), Community Savings & Loan Association (EMI's parent), and the Maryland Deposit Insurance Fund Corporation (the state-appointed conservator of Community Savings & Loan Association), which seek centralization of all actions in the District of Maryland for coordinated or consolidated pretrial proceedings with the action pending there. Fourteen of 22 other financial institutions that are named in one or more of the actions support centralization in the Eastern District of Virginia. United Guaranty Residential Insurance Company of Iowa (United Guaranty), U.S. Mortgage Insurance Co. (U.S. Mortgage) and Commonwealth Mortgage Assurance Company (Commonwealth) -- three of the four mortgage insurance companies involved in this litigation -- oppose transfer. If the Panel nevertheless concludes that centralization is appropriate in this docket, then United Guaranty, U.S. Mortgage and Commonwealth favor selection of the Eastern District of Pennsylvania as transferee forum.

On the basis of the papers filed and the hearing held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Virginia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Each of the actions involves a challenge to the validity and enforceability of private mortgage insurance policies issued by one of four mortgage insurance companies (two of the companies are each involved in two actions) on defaulted loans originated and sold by EMI. The loans were made to hundreds of real estate limited partnerships promoted by EMI and/or affiliated entities. In each action a private mortgage insurance company seeks to rescind mortgage insurance on the grounds of fraud and misrepresentation by EMI and/or other entities involved

---

[1]/  The Maryland action was initiated subsequent to the filing of FNB's motion.

-2-

in the complex EPIC financial network of which EMI was a part.
Transfer under Section 1407 is necessary in order to eliminate
duplicative discovery, prevent inconsistent pretrial rulings, and
conserve the resources of the parties, their counsel and the
judiciary. While objections have been raised that voluntary co-
ordination is a suitable alternative to transfer, or that some
discovery will focus on matters unique to particular actions, we find
that these are not grounds for denying centralization. We point out
that transfer under Section 1407 has the salutary effect of placing
all actions before a single judge familiar with the litigation who can
formulate a pretrial program that 1) ensures that pretrial proceedings
will be conducted in a manner leading to the just and expeditious
resolution of all actions to the overall benefit of the parties; and
2) allows discovery with respect to any non-common issues to proceed
concurrently with discovery on common issues, In re Joseph F. Smith
Patent Litigation, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976).

We conclude that the Eastern District of Virginia is the appro-
priate transferee forum for this litigation because EMI and each of
its principal affiliates in the EPIC organization (including the
limited partnerships that owned the mortgaged properties, the general
partners of those limited partnerships and the managers of the
properties) have their principal place of business in a Washington,
D.C. suburb located in the Virginia district -- thus many witnesses
and relevant documents can be expected to be located there or in the
adjacent portion of the metropolitan Washington, D.C. area. We note
also that numerous legal proceedings initiated in the wake of the EPIC
collapse are already pending in the Eastern District of Virginia.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the
actions listed on the following Schedule A and pending in districts
other than the Eastern District of Virginia be, and the same hereby
are, transferred to the Eastern District of Virginia and, with the
consent of that court, assigned to the Honorable Claude M. Hilton for
coordinated or consolidated pretrial proceedings with the actions
listed on Schedule A and pending in that district.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-680 -- In re Epic Mortgage Insurance Coverage Litigation

Middle District of North Carolina

United Guaranty Residential Insurance Co. of Iowa v. Epic
Mortgage, Inc., et al., C.A. No. C-85-1042-G

Eastern District of Pennsylvania

U.S. Mortgage Insurance Co. v. Epic Mortgage, Inc., et al.,
C.A. No. 85-6616
Commonwealth Mortgage Assurance Co. v. Epic Mortgage, Inc.,
et al., C.A. No. 85-6866

Eastern District of Virginia

Foremost Guaranty Corp. v. Epic Mortgage, Inc., et al., C.A.
No. 85-1298-A
The First National Bank of Maryland v. Foremost Guaranty
Corp., C.A. No. 85-1321-A

District of Maryland

Epic Mortgage, Inc. v. Commonwealth Mortgage Assurance Co.,
et al., C.A. No. R-86-97